THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL CASE NO. |
| v. : | |
| : | 1:17-cr-00384-LMM-RGV |
| CHAUNE DWAYNE DUFFY : | |

**MAGISTRATE JUDGE'S FINAL**
**REPORT AND RECOMMENDATION**

On October 30, 2018, defendant Chaune Dwayne Duffy ("Duffy") was found to be mentally incompetent to proceed with his sentencing hearing, and pursuant to 18 U.S.C. § 4241(d), he was committed to the custody of the Attorney General for a period not to exceed four months for the purpose of attempting to restore him to competency to permit these proceedings to go forward. [Doc. 29].[1] Following evaluation and treatment of Duffy at the Federal Medical Center in Butner, North Carolina ("FMC Butner"), the Court, as well as counsel, received a copy of a forensic evaluation and certification of restoration of competency to proceed with his sentencing hearing. See [Doc. 35; Doc. 36 (Gov. Ex. 1); Doc. 38 (Gov. Ex. 2 (under seal))]. On July 10, 2019, the Court conducted an evidentiary hearing and heard from

---

[1] The listed document and page numbers in citations to the record in this Report and Recommendation refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

counsel concerning Duffy's competency. See [Doc. 35]. After careful consideration of the evidence of record, arguments of counsel, and relevant legal authority, it is **RECOMMENDED** that Duffy be found mentally competent to proceed with his sentencing hearing.

## I. FACTS AND PROCEDURAL HISTORY

Duffy was charged in a twenty-two count indictment with unlawful possession and printing of counterfeit Federal Reserve Notes, in violation of 18 U.S.C. §§ 472 and 474(a). See [Doc. 1]. On February 26, 2018, Duffy entered a guilty plea to all counts of the indictment. See [Doc. 18]. Prior to sentencing, Duffy filed a motion for a psychiatric examination pursuant to 18 U.S.C. § 4241, and he requested a hearing to determine his competency. [Doc. 26]. Upon review of the motion and record in this case, the Court found that there was reasonable cause to believe that Duffy may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he may be unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and on June 28, 2018, the Court ordered Duffy to be committed to FMC Butner to be examined pursuant to 18 U.S.C. § 4241. [Doc. 28]. Duffy was examined by Heather H. Ross, PhD. ("Dr. Ross"), a forensic psychologist, who subsequently prepared a

forensic evaluation concluding that Duffy was mentally incompetent to proceed with his sentencing hearing. [Doc. 31 (under seal)].

On October 30, 2019, the Court conducted an evidentiary hearing concerning Duffy's competency to proceed with his sentencing hearing. See [Doc. 30]. The Court afforded the parties the opportunity to present evidence and testimony, and the parties stipulated to the admission of Dr. Ross' report, under seal, and they concurred with her finding that Duffy was suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. See [id.]. The Court found that Duffy was not competent to proceed with his sentencing hearing and committed him for treatment and evaluation pursuant to 18 U.S.C. § 4241(d). [Doc. 29].

Duffy arrived at FMC Butner on December 4, 2018, and he remained there through May 2019 for evaluation. [Doc. 35; Doc. 38 at 3]. On May 24, 2019, the Warden of FMC Butner sent to the Court and counsel a forensic evaluation of Duffy and a Certificate of Recovery indicating that Duffy is competent to proceed with his sentencing hearing, pursuant to 18 U.S.C. § 4241(e). [Docs. 35 & 36]. The forensic evaluation was completed by Robert Cochrane, Psy.D. ("Dr. Cochrane"), a forensic psychologist, who concluded that Duffy is able to understand the nature and

3

consequences of the proceedings against him and to assist in his defense. [Doc. 38 at 3-9]. On July 10, 2019, the Court conducted an evidentiary hearing on the issue of whether Duffy's competency has been restored to the extent that he has the capacity to understand the nature and consequences of the proceedings against him and to assist properly in his defense. [Doc. 35].

Duffy and his attorney, as well as the prosecutor, appeared at the competency hearing, see [id.], and the Court received into evidence without objection the Certificate of Recovery, [Doc. 36], and the accompanying forensic evaluation, [Doc. 38], under seal, see [Doc. 35]. The forensic report prepared by Dr. Cochrane summarized Duffy's history and course of evaluation and treatment at FMC Butner. [Doc. 38 at 3-9]. Duffy was interviewed and observed by psychiatry staff throughout his stay and administered antipsychotic medications. [Id. at 3-4]. Duffy consistently reported doing well on his regimen of medication. [Id. at 4]. Although he had some disciplinary issues that resulted in him being placed in a secured housing unit on three occasions, he otherwise resided on an open mental health unit throughout his admission and generally was appropriate with staff and his peers. [Id. at 4-5]. During clinical interviews, his presentation remained very consistent, and he reported no psychiatric symptoms other than mild sadness from missing his family.

[Id. at 5]. Toward the end of his admission, it became clear to staff that Duffy wished to leave FMC Butner and return to court to resolve his case. [Id.].

As part of the restoration to competency process, Duffy was referred to a weekly class designed to provide education about the U.S. legal system, which he sporadically attended. [Id.]. Dr. Cochrane interviewed Duffy on several occasions throughout the evaluation period, [id. at 3], and he posed questions to Duffy regarding specific functional elements to competency identified in the literature, [id. at 6-9]. Dr. Cochrane reported that Duffy displayed factual understanding of the legal process, courtroom procedures, possible pleas and sentences, and the roles of judges, prosecutors, and defense attorneys. [Id. at 6-7]. Duffy also demonstrated a rational understanding of legal proceedings and his own case, as well as reasoning ability to process relevant information and to consult with and assist counsel in his defense. [Id. at 8-9].

Duffy was diagnosed with Delusional Disorder, but Dr. Cochrane noted reservations about that diagnosis and suspected that Duffy may have exaggerated psychotic symptoms, and he could not definitely determine whether Duffy's reported beliefs about the Illuminati were delusional or malingered.[2]  [Id. at 5-6].

---

[2] Dr. Cochrane also diagnosed cannabis use disorder, cocaine use disorder, and phencyclidine use disorder, all in a controlled environment, based on Duffy's history of substance use disorders, but noted that he was not currently experiencing the negative effects of substances since his access to drugs had been significantly

However, he reported that Duffy was not symptomatic and demonstrated good competency abilities, adding that Duffy appeared quite eager to depart FMC Butner and to be found competent after spending several weeks at the facility and taking antipsychotic medication. [Id. at 6]. Accordingly, Dr. Cochrane opined that Duffy is currently competent to proceed with sentencing as he is not suffering from a mental disease or defect which would render him unable to understand the nature and consequences of the proceedings against him, to assist properly in his own defense, or to understand the consequences and significance of the proceedings against him. [Id. at 9].

## II. DISCUSSION

"The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent." United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005) (per curiam) (citations omitted). The test for determining competency to stand trial is "whether [defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding -- and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam) (internal

---

limited while in custody. [Doc. 38 at 5-6]. Dr. Cochrane further indicated that Duffy may have Antisocial Personality Disorder based on his early behavioral problems in school and criminal history, but added that whether he has this disorder would have no direct bearing on his competency status. [Id. at 6].

6

marks omitted). "Whether the defendant is competent is an ongoing inquiry; the defendant must be competent at all stages of trial." Rahim, 431 F.3d at 759 (citation omitted).

"Not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1259 (11th Cir. 2002) (citation and internal marks omitted); see also Battle v. United States, 419 F.3d 1292, 1299 (11th Cir. 2005) (per curiam) (same). Neither proof of "low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior" is necessarily "equated with mental incompetence to stand trial." Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995) (citation omitted); see also Battle, 419 F.3d at 1299 (same). Nor does the fact that a defendant "has been treated with anti-psychotic drugs" render him per se incompetent to stand trial. Medina, 59 F.3d at 1107 (citation omitted). Quite often the best evidence of a defendant's competence to stand trial is the evidence of his behavior during the relevant time period, "especially the evidence of how he related to and communicated with others[.]" Wright, 278 F.3d at 1259.

The undisputed evidence in this case, as presented in the forensic evaluation admitted at the evidentiary hearing, demonstrates that Duffy is presently able to

understand the nature and consequences of the proceedings against him and has sufficient ability to assist his lawyer in his defense. See [Docs. 35 & 38]. In response to questions posed by Dr. Cochrane, Duffy displayed good factual knowledge of legal proceedings and courtroom procedures, and he understood possible pleas and potential sentences, as well as the roles of judges, prosecutors, and defense attorneys. [Doc. 38 at 6-7]. Duffy was able to describe the nature of the charges against him and the likely sentencing range he faces resulting from his entry of a guilty plea, and he demonstrated the ability to make rational decisions and to consult with and assist his lawyer. [Id. at 8-9]. Dr. Cochrane reported that Duffy did not exhibit any symptoms of mental illness at the time of his evaluation, and he had a solid understanding of the nature and consequences of the proceedings against him and is capable of assisting properly in his defense. [Id. at 9]. Therefore, the undisputed evidence of record supports finding that Duffy is presently competent to proceed with his sentencing hearing.

### III. CONCLUSION

For the foregoing reasons and cited authority, it is **RECOMMENDED** that the District Court find that Duffy is competent to proceed with sentencing as he has the "present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and that he has] a rational as well as factual understanding of the

proceedings against him." Rahim, 431 F.3d at 759 (citation and internal marks omitted).

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO DIRECTED** and **RECOMMENDED**, this 11th day of July, 2019.

/s/ Russell G. Vineyard
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE